## Steinberg's Appeal

*Abraham Koppelman*, for appellant.

*Edward B. Soken*, for School District of Philadelphia.

ALESSANDRONI, J., November 2, 1940.—This is an appeal by Ruth Steinberg from the action of the Superintendent of Public Instruction of the Commonwealth of Pennsylvania dismissing her appeal on the ground that he had no jurisdiction to determine the questions raised therein.

Appellant was engaged by the School District of Philadelphia as a temporary professional employe for the period beginning September 18, 1939, and ending January 31, 1940. The term of employment for one semester was agreed upon at the time appellant accepted her employment. On January 31, 1940, appellant's services were discontinued. It is not disputed that her services were satisfactory and that no charges or complaints were ever

preferred against her. Appellant demanded a hearing before the board of public education, contending that termination of her services was in violation of her legal rights under the Act of June 20, 1939, P. L. 482, amending the Teacher's Tenure Act of April 6, 1937, P. L. 213. This request for a formal hearing was refused on the ground that this act did not provide for a hearing under the facts stated. A special committee was appointed, however, before which counsel for appellant appeared and presented argument in support of appellant's contention. The committee concluded that these arguments were without merit. Thereupon an appeal was filed to the Superintendent of Public Instruction of the Commonwealth of Pennsylvania, who in turn refused to determine the merits of the complaint on the ground that no jurisdiction was conferred upon him to do so.

Appellant has appealed to this court from the decision of the Superintendent of Public Instruction, asking for a hearing de novo. The board of public education now moves to dismiss the appeal on the ground that this court has no jurisdiction to hear and determine the appeal and further that the appeal fails to set forth a cause of action cognizable either in law or in equity.

In determining the question of jurisdiction, this court must conclude that the decision of the Superintendent of Public Instruction was correct. The Act of 1939, supra, amends the Teacher's Tenure Act, supra. The most recent amendment provides two new categories of employes, namely, temporary professional employes and substitutes. Prior thereto, the Act of 1937 had defined only one class of employes, namely, professional employes.

A temporary professional employe is defined as any individual who has been employed to perform, for a limited time, the duties of a newly-created position or of a regular professional employe whose services have been terminated by death, resignation, suspension, or removal. The act further provides that temporary employes shall for all purposes, except tenure status, be viewed in law as

full-time employes and shall enjoy all the rights and privileges of regular full-time employes and the Commonwealth shall pay to the school district for each temporary employe the same percent or share of salary provided by law as in the case of professional employes. Thereafter the term temporary professional employes is no longer found in the amendment of 1939. In setting forth the causes for termination of a contract, the term "professional employe" is used. Whereas under the Act of 1937 a contract with a professional employe could be terminated by reason of a substantial decrease in the number of students due to natural causes, under the Act of 1939 this is made one of the causes for suspension, the other two being a curtailment or alteration of the education program and a consolidation or merger of districts.

The amendment of 1939 fails to provide any method of procedure for *suspending* employes whether they be professional employes or temporary professional employes. Subsection (*d*) of section 1205 does provide a detailed description of the procedural rights guaranteed upon *dismissal* of any professional employe. The term professional employes as used in this section, however, is specifically qualified by the amendment of 1939 as one who has attained the status of permanent tenure. It is, therefore, clear that even though temporary professional employes are to enjoy all the rights and privileges of regular employes, conceding the term professional employes is construed to include temporary professional employes insofar as procedural rights are concerned, upon dismissal such rights are specifically restricted to persons who have already attained the status of permanent tenure.

It is this method of procedure that appellant has attempted to follow in requesting a hearing before the school board, in demanding a decision from them, in appealing to the Superintendent of Public Instruction for review, and finally in appealing from his decision to this court, praying for a hearing de novo.

The Superintendent of Public Instruction is an administrative officer of the Commonwealth: article IV, sec. 20, of the Constitution of Pennsylvania; Act of May 10, 1939, P. L. 101. He is not a judicial officer, and in performing any judicial or quasi-judicial duties he is restricted to the statutory authority conferring such rights upon him. There is no statute or statutory provision permitting a temporary professional employe to appeal to the Superintendent of Public Instruction, nor is there any provision conferring authority upon him to hear appeals by temporary professional employes. An examination of the amendment of 1939, sec. 1205, subsecs. (d) through (j), indicates that all those sections must be construed together; thus an appeal to the Superintendent of Public Instruction must be from a decision of the board of education. The only provisions for hearings before the board of education are restricted, however, to actions for dismissal against professional employes who have attained the status of permanent tenure. The decision of the Superintendent of Public Instruction that he was without jurisdiction is correct. It follows that the appeal therefrom to this court is without foundation in law.

The difficulty is the result of the drafting of the amendment of 1939. An examination of the procedural rights conferred by that amendment discloses that no procedure is made for a person aggrieved by a suspension as distinguished from a dismissal. The obvious reason for the lack of such procedure is that the causes for suspension were, under the Act of 1937, causes for dismissal, and in inserting new substantive rights the legislature neglected to set forth the procedural rights for their protection.

When the merits of this controversy are considered we again find that faulty legislation has strewn almost insurmountable obstacles in our path. The original Tenure Act of 1937, in providing for but one classification, to wit, professional employes, created a rigidity hampering the administration of the educational system. Under that act no employe could be hired except upon a permanent

basis. This limitation resulted in the decision in the case of Commonwealth ex rel. v. Sunbury School Dist. et al., 335 Pa. 6. There, plaintiff was engaged to fill a vacancy occurring during the school term by reason of the resignation of the regular teacher. She maintained that under the Tenure Act she could not be dismissed at the end of the term. It was held that to sustain her contention the school board would be forced to leave the pupils without a teacher when one died or resigned during the term because any substitute sent in for even a week would become a regular teacher and entitled to a contract. The result was obviously absurd and no sensible school management could prosper under it. It would seem that the obvious purpose of the inclusion of a new category, namely, that of temporary professional employes in the amendment of 1939, was to eliminate this difficulty. A temporary professional employe was defined by that act as one who was employed to fulfill the duties of a regular professional employe whose services had been terminated by death or resignation or a newly-created position. Such employe was distinguished from a substitute, who was performing the duties of a regular employe only during the period of his temporary absence. That portion of the act which immediately follows the definition of a temporary professional employe provides that the county superintendent of schools is required to notify each temporary employe at least twice a year of the rating of his services, and no temporary professional employe could be dismissed unless rated unsatisfactory and notified in writing within 10 days of such rating. It is further provided that the county superintendent "during the last four months of the second year of such services" must certify the quality, progress, and rating of the temporary professional employe. If this rating proves satisfactory the employe is automatically entitled to the status of permanent tenure.

It would appear, therefore, that the legislature intended every employe should pass through a two-year

probationary period before attaining the status of a permanent tenure, during which time the employe for all purposes was to be viewed in law as a regular professional employe, and entitled to all the rights and privileges of a regular employe except that of tenure status. During this probationary period the services of the employe were to be rated periodically, and if after the expiration of the two-year period the services had been rated satisfactory by the superintendent of the school board, the employe ipso facto acquired the status of permanent tenure. Naturally, during this period the temporary professional employe, being viewed in law as a regular employe, could be dismissed as a regular employe for any of the various reasons set forth in the act, such as immorality, incompetency, intemperance, etc., or if the school board found it necessary he might be suspended because of a substantial decrease in pupil enrollment, or by reason of curtailment of the educational program or a consolidation or merger of school districts. Certain rights, however, are given the suspended employes, including a preferential status to insure their reacquiring their position in the event that it is necessary to hire any new employes.

In the definition of a temporary professional employe, however, it is stated that that class is to include any individual who has been employed to perform *for a limited time* the duties of a newly-created position, or of a regular professional employe whose services terminated by death, resignation, or removal. Appellee contends that the phrase "for a limited time" authorizes the board to employ temporary professional employes for the space of one or two semesters without any limitation. "Limited" may be defined as "fixed . . . Confined within limits . . . circumscribed": Webster's New International Dictionary. It is doubtful, however, that that restriction must not be construed to mean the two-year probationary period which is set forth in the sections immediately following. To sustain the contention of the school board would cause the acquisition of tenure rights to become elusive, since the

board could prevent a temporary professional employe from fulfilling the two-year period of service merely by restricting the length of service on the contract of employment.

The relative security of tenure which legislative enactments have provided for teachers, and the measures for proper administration of the school system are not possible of attainment if this act be construed as appellee contends. To determine the merits of this case, either in favor of appellant or appellee, would require, in our opinion, judicial legislation. This is not within our province. It would be highly desirable for the legislature to correct these deficiencies itself.

And now, to wit, November 2, 1940, the motion of the school district to dismiss the appeal from the Superintendent of Public Instruction is sustained.